IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| DENISE M. PRITCHETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | 1:15-cv-62 |
| | ) | |
| WORLDWIDE ASSET PURCHASING, | ) | |
| LLC, & GALAXY CAPITAL | ) | |
| RECOVERIES, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, by and through her attorney, and avers against the Defendants the following:

### INTRODUCTION

1. This is an FDCPA case seeking damages, costs, and attorneys' fees for Defendants' unlawful communications with the Plaintiff's ex-husband.

### PARTIES

2. Plaintiff is a resident citizens of Mobile County, Alabama and is over nineteen years of age.

3. Plaintiff is a "consumer" as defined by the 15 U.S.C. §1692a.

4. Defendant Worldwide Asset Purchasing, LLC ('Worldwide") is a foreign corporate entity engaged in the business of collecting debts in this state, with its principal place of business located at 3715 Northside Parkway 3-300, Atlanta, GA.

5. Defendant Galaxy Capital Recoveries, LLC ("Galaxy") is a foreign corporate

entity engaged in the business of collecting debts in this state, with its principal place of business located at 4730 South Fort Apache Road, Ste 300, Las Vegas, NV 89147.  Upon information and belief, Galaxy is the owner, corporate parent, or successor to Worldwide.

6. The principal purpose of Defendants is the collection of debts using the mails and telephone, and Defendants regularly attempt to collect debts alleged to be due another.

7. Defendants are both "debt collectors" according to 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 15 U.S.C. §1692k(d) to hear Plaintiff's FDCPA claims in this matter.

9. This Court has personal jurisdiction over the Defendants because the Defendants have engaged in direct communications attempting to collect debts from Alabama resident citizens dwelling within this state.

10. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiffs' claims occurred within this district.

## FACTUAL ALLEGATIONS

11. At all times relevant to this proceeding, the Defendants were acting in an attempt to collect from the Plaintiffs a consumer debt allegedly owed to Household Bank (SB), NA.

12. At all times relevant to this proceeding, the Defendants' collection law firm, Parnell & Crum, were acting as agents of the Defendants, within the scope of their agency and in furtherance of the Defendants' interests.

13. In 2005, Defendant sued Plaintiff in the Small Claims Court of Mobile County and obtained a default judgment against the Plaintiff for the alleged debt.

14. Plaintiff first became aware of the judgment when a process of garnishment was served by Defendants upon Plaintiff's ex-husband at his home at 712 S. Lawrence Street, Mobile, AL 36603 in October 2014.

15. Plaintiff's ex-husband contacted Plaintiff about the matter, which the Plaintiff found to be very disturbing, unpleasant, and embarrassing.

16. Plaintiff telephoned Defendant's collection law firm, and informed them in very

clear terms that she did not live at 712 S. Lawrence Street, that she had long since been divorced from the man who lived there, and demanded that Defendant cease any further communications with her ex-husband.

17. Plaintiff had been divorced since 1992.

18. On or about December 10, 2014, Defendants, through their attorneys, sent a letter to the ex-husband at his home.  This letter divulged several items of the Plaintiff's personal affairs to the ex-husband.  A copy is attached as Exhibit A.

19. On or about December 18, 2014, the Plaintiff again telephoned Defendant's attorneys and informed them to not send any communications to her ex-husband's residence at 712 S. Lawrence Street.

20. On or about December 22, 2014, the Defendant again sent a letter to Plaintiff's ex-husband, in complete disregard of Plaintiff's express requests not to do so.

21. This second letter also divulged numerous details of the Plaintiff's personal business affairs.  A copy is attached as Exhibit B.

22. 15 U.S.C. §1692c(b) prohibits a debt collector from communicating "in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

23. 15 U.S.C. §1692c(d) defines a "consumer" to include the consumer's spouse.

24. A former spouse is, by definition, **not** a spouse.

25. Both of the letters were unquestionably communications made in connection with the collection of a debt, and were made in furtherance of the Defendants' pursuit of payment.

26. Both of the letters were sent to persons other than the Plaintiff.

27. Defendants know that it is illegal for them to communicate with third parties.

28. Plaintiff attempted at least twice to ask the Defendants to cease communicating with her ex-husband.

29. Nonetheless, Defendants deliberately or recklessly disregarded the Plaintiff's requests and the requirements of the law.

30. It is a regular tactic of Defendants and their agents to put such severe pressure on people that they will, acting out of fear, send money to the Defendant to avoid the cost, embarrassment, and stress of having sensitive, private information divulged to others.

31. As a result of Defendants' unlawful conduct, the Plaintiff suffered needless anxiety, nervousness, severe embarrassment, time lost from work and family to deal with this matter, loss of sleep, and lost work productivity.

32. Indeed, of all the third parties to whom Defendants could have sent communications regarding the Plaintiff's debts, her ex-husband was probably the worst one possible.

33. Defendant is liable to Plaintiff for declaratory judgment that Defendants' conduct violated the Act, actual damages, statutory damages, court costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, PREMISES CONISDERED, Your Plaintiff respectfully prays this Honorable Court Issue an Order against the Defendant for the following:

1. Actual damages arising from the Defendants' violations of the Fair Debt Collection Practices Act;
2. Statutory damages of One Thousand Dollars ($1000) for each Defendant's violations of the Fair Debt Collection Practices Act;
3. Costs and reasonable attorneys fees incurred in bringing this action;
4. **A trial before a struck jury;**
5. For such other, further, and general relief as the Court deems just and proper;

RESPECTFULLY SUBMITTED this the 5th Day of February, 2015.

/s/ Judson E. Crump
Judson E. Crump [CRU021]
Attorney for Plaintiff

Judson E. Crump, PC
250 Congress Street
Mobile, AL 36603
251.272.9148
judson@judsonecrump.com